# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA,<br><br>               Plaintiff,<br><br>   v.<br><br>MERCED IRRIGATION DISTRICT, et al.,<br><br>               Defendants. | 1:10cv0853 LJO DLB<br><br>ORDER GRANTING MOTION TO COMPEL MENTAL EXAMINATION<br>(Document 12) |

Defendant Merced Irrigation District ("MID") filed the instant motion to compel an independent mental examination pursuant to Federal Rule of Civil Procedure 35. The matter was heard on April 29, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Robert Greenfield appeared telephonically on behalf MID. Brady McGuinness appeared on behalf of Plaintiff Cindy LaCava ("Plaintiff").

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her employment discrimination action against MID on May 14, 2010. According to the complaint, Plaintiff began working at MID in September 2001 as a customer account representative. In March 2002, she was promoted to the position of Meter Reader/Warehouseman. In May 2006, she was again promoted, becoming Manager of Customer Service. While in this position, Plaintiff complained of both sexual harassment and gender discrimination based on disparate pay. After being disciplined in January 2010, Plaintiff

1

1  prepared a written report to MID's general manager advising that the discipline appeared to be
2  retaliation for pursuing her pending sex discrimination and unequal pay claims.  The day after
3  submitting her report, Plaintiff was informed that her employment with MID was being
4  terminated as part of an overall reduction in force.  She was placed on administrative leave until
5  her termination became effective.
6      Plaintiff asserts causes of action for sex discrimination and retaliation.  She alleges that
7  she "has suffered . . . general damages in the form of emotional distress."  Complaint ¶ 23.
8      In response to special interrogatories, Plaintiff attributed her mental or emotional injuries
9  to the alleged adverse employment action by MID.  Plaintiff also responded that, due to MID's
10 conduct, she began seeking psychological treatment in August 2009.  Special Interrogatory 21,
11 Exhibit E to Declaration of Robert Greenfield ("Greenfield Dec.").  Additionally, Plaintiff
12 testified at deposition that she began receiving psychological treatment because of work-related
13 issues after being diagnosed as "severely depressed" by her physician.  Joint Statement, pp. 4-5;
14 Deposition of LaCava, pp. 196-99.
15     Following Plaintiff's deposition, defense counsel wrote a letter to Plaintiff's counsel, Mr.
16 Betts, asking if Plaintiff would be willing to stipulate to an independent mental examination
17 ("IME").  On March 17, 2011, defense counsel sent follow-up correspondence to Mr. Betts
18 requesting that Plaintiff stipulate to an IME.  Exhibits A and B to Greenfield Dec.
19     MID filed the instant motion to compel an IME on April 7, 2011.  On the same date,
20 MID's counsel spoke with Mr. Betts about whether Plaintiff would stipulate to an IME.  Mr.
21 Betts advised that he would consider it.  Greenfield Dec. ¶ 5.
22     On April 15, 2011, defense counsel sent another letter to Mr. Betts about the IME.
23 Exhibit C to Greenfield Dec.  On April 19, 2011, Mr. Betts responded and indicated that Plaintiff
24 would not agree to the IME.
25     On April 22, 2011, the parties filed a joint statement of discovery dispute.

### DISCUSSION

27     Pursuant to Federal Rule of Civil Procedure Rule 35, MID seeks an independent mental
28 examination of Plaintiff on May 4, 2011, at 8:30 a.m. by Dr. Howard Glidden in Fresno,

2

1  California.  The examination will relate to Plaintiff's alleged emotional injuries resulting from

2  her employment with MID.

3       In relevant part, Rule 35(a) provides:

4  **(1)** *In General*.  The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or

5  mental examination by a suitably licensed or certified examiner.

6       Accordingly, to justify a mental examination under Rule 35, MID must demonstrate (a)

7  that Plaintiff has placed her mental condition "in controversy," and (b) "good cause" for the

8  examination.  Schlagenhauf v. Holder, 379 U.S. 104 (1964).  "Good cause" generally requires a

9  showing of specific facts justifying discovery.  Factors that courts have considered include, but

10 are not limited to, the possibility of obtaining desired information by other means, whether

11 plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired

12 materials are relevant, and whether plaintiff is claiming ongoing emotional distress. See Turner

13 v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); Ragge v.

14 MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (ongoing emotional distress);

15 Schlagenhauf, 379 U.S. at 118-119 (availability by other means).

16       Even if good cause is shown, it is still within the court's discretion to determine whether

17 to order an examination.  Stinchcomb v. United States, 132 F.R.D. 29, 30 (E.D.Pa.1990).

18 Although the rule is to be construed liberally to allow the examination, the court must take into

19 account the interest of the party to be examined in avoiding unnecessary invasion of privacy

20 balanced against the moving party's right to a fair trial.  Curtis v. Express, Inc., 868 F.Supp. 467,

21 468 (N.D.N.Y.1994).

22       According to her discovery responses and testimony, Plaintiff claims that her emotional

23 distress and the need to consistently visit a psychiatrist are the result of her employment with

24 MID and she contends that her alleged emotional injuries are ongoing.  Deposition of LaCava

25 pp. 201-202, Exhibit G to Greenfield Dec.  Plaintiff has placed her mental condition in

26 controversy by alleging that she suffered emotional distress and there is good cause for the

27 examination because of ongoing mental harm.

28

1    Plaintiff counters that her mental condition is not "in controversy." In support, Plaintiff
2 asserts that MID has not satisfied the factors identified in Turner, 161 F.R.D. at 95. According to
3 Turner, "courts will order plaintiffs to undergo mental examinations where the cases involve, in
4 addition to a claim of emotional distress, one or more of the following: 1) a cause of action for
5 intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or
6 psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's
7 offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession
8 that his or her mental condition is "in controversy" within the meaning of Rule 35(a)." Id. at 95.
9 Plaintiff argues that none of these elements are present in this case.

   Instead, Plaintiff urges that her claimed injury is garden variety, falling within the
parameters of Rund v. Charter Communications, Inc., 2007 WL 312037 (E.D. Cal. Jan. 30,
2007). In Rund, the court stated:

> no doubt that the ordinary person would suffer temporary distress if he were
> unlawfully terminated from employment he otherwise desired to retain. There is
> no need to conduct a mental examination, or have medical personnel testify to
> such, for the very reason that such distress is normal and understandable by the lay
> factfinder. That is, if the jury finds that defendant acted as plaintiff alleges, the
> concomitant ordinary distress is almost a given. Expert testimony would be
> inadmissible. Fed. R. Ev. 702 (expert testimony must assist the trier of fact in
> understanding evidence beyond the ken of most lay persons).

Rund, 2007 WL 312037 at * 2. Relying on Rund, Plaintiff indicates that she suffered "reasonably
foreseeable temporary emotional distress" and her emotional injuries are not extraordinary. She
further claims that she has authorized release of counseling records, she has answered all
deposition questions regarding her emotional distress and she does not intend to offer expert
testimony on the issue of her emotional distress injuries.

   Plaintiff's reliance on Rund is misplaced. Unlike here, the plaintiff in Rund had not
undergone treatment for emotional or psychological reasons and any claimed emotional trauma
had resolved. In this case, Plaintiff has undergone mental health treatment and continues to
receive such treatment. Further, the Rund court emphasized that key to its decision was
plaintiff's abandonment of any claim for serious psychological injury and that the plaintiff "made
it crystal clear that he ha[d] not sought medical treatment, and would not be presenting any

4

medical evidence concerning emotional injury." Id. at *2.  As noted, Plaintiff has received mental health treatment and has released her counseling records.  There is no indication that she will forego offering this medical evidence to support her emotional distress damages.

## CONCLUSION

Based on the above, the Court GRANTS MID's motion to compel.  Plaintiff is ORDERED to appear for an independent mental examination on May 4, 2011, at 8:30 a.m.  The examination will be conducted by Dr. Howard Glidden and will take place at 1660 East Herndon, Suite 150, Fresno, CA.  The parties may meet and confer as appropriate regarding the parameters of the examination.

IT IS SO ORDERED.

Dated:   **April 30, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE