IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA, | CASE NO. 1:10-CV-00853 LJO DLB |
| Plaintiff, | **ORDER ON MOTIONS IN LIMINE** |
| vs. | (Docs. 49-59) |
| MERCED IRRIGATION DISTRICT, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Cindy LaCava ("Ms. LaCava") and Defendant Merced Irrigation District ("MID") are scheduled to commence a jury trial in this Court beginning July 31, 2012. Pursuant to this Court's April 2, 2012 pretrial order, the parties filed motions in limine on June 15, 2012. Oppositions to the motions were filed on June 25, 2012. Having read and reviewed the parties' motions, oppositions, and exhibits thereto, this Court VACATES the July 9, 2012 hearing on these motions and issues the following order.

### Ms. LaCava's Motions in Limine

#### #1. To Exclude Expert Testimony of David Friedland, Ph.D. (Doc. 49)

Ms. LaCava moves for an order precluding MID from introducing any evidence, documentary or testimonial, relating to the opinions and conclusions of defense expert David Friedland, Ph.D. ("Dr. Friedland"). Ms. LaCava argues that Dr. Friedman's testimony is improper pursuant to Fed. R. Evid. 702 because, *inter alia*, his opinions are not predicated on specialized "techniques and evaluations" and

1

his opinions do not assist the trier of fact in resolving issues of whether her termination was retaliatory.

MID plans to call Dr. Friedman to testify as an expert to answer three questions: (1) whether MID's response to Ms. LaCava's complaints of sexual harassment, including its investigation by Trudy Largeant, was adequate; (2) whether the procedures followed in the MID reorganization that resulted in Ms. LaCava's job elimination were proper; and (3) whether or not determining that Ms. LaCava's position within MID was redundant was appropriate. Ms. LaCava argues that Dr. Friedman's opinion that he sees nothing that MID did that was improper is purely speculative based on veracity determinations, and does not help the jury with technical or specialized assistance, as required by *Daubert v. Merrill Dow Pharms*., 509 U.S. 579 (1993).

**Ruling:** Dr. Friedland is an industrial organizational psychologist, working and certified specifically in the human resources area. He is qualified as required by Fed. R. Evid. 702 in the area of providing testimony about how and why decisions are made during a business reorganization, including but not limited to issues of structure, redundancy, and retention decisions. **Accordingly, this motion is DENIED**.

#2.     To Exclude Testimony of Jennifer Carter (Doc. 50)

Ms. LaCava moves to preclude MID from introducing the testimony of defense witness Jennifer Carter ("Ms. Carter") pursuant to Fed. R. Evid. 602. Ms. LaCava argues that this testimony is inadmissible because Ms. Carter was not employed at MID during the relevant time period and lacks personal knowledge of any matters at issue in these proceedings.

Ms. Carter was presented as the person most knowledge for MID in a number of areas, including MID's policies and procedures pertaining to sexual harassment, discrimination, investigations and reductions in workforce, as well as the basis and implementation of layoffs between January and March 2010. Ms. LaCava objects to Ms. Carter's testimony on these issues, since Ms. Carter was not hired by MID until August 2010, more than six months after Ms. LaCava was discharged and long after her harassment investigation was complete.

**Ruling:** It is represented that the policy manual that was in effect when Ms. Carter began her employment was the same policy manual that was in effect when the organization took place. She may

testify, therefore, regarding those company procedures. She may not testify, however, about the specific decisions that were made about reorganization that occurred before she arrived. Before she may possibly testify about mitigation of damages concerning Ms. LaCava, a proper foundation must be established. **Accordingly, this motion is GRANTED in part and DENIED in part.**

**#3.    To Exclude Evidence Related to Post-Termination Reorganizations by MID (Doc. 51)**

Ms. LaCava moves to preclude MID from referring to, testifying about or introducing evidence relating to any post-termination reorganizations and reductions-in-force at MID. Ms. LaCava further moves to preclude defense counsel from mentioning post-termination reorganizations during voir dire and in the opening statement. This motion is made pursuant to Fed. R. Evid. 401-403. The post-termination reorganizations occurred nine months (October 2010) and twelve months (January 2011) after Ms. LaCava was terminated pursuant to a February 2010 reorganization. Ms. LaCava argues that these later reorganizations are not relevant.

**Ruling:** If there is a representation that there is evidence that the reorganization of October 2010 and/or January 2011 were a part of the overall process and plan that included the February 2010 process, **this motion is DENIED**. If there is no evidence of an overall process, then **this motion is GRANTED in part and DENIED in part**. Regardless of whether there was an overall process, if there is evidence that all jobs for which Ms. LaCava was qualified were eliminated in future reorganization, then this evidence is relevant, since it goes directly to the issue of mitigation of damages. To this extent, **this motion is DENIED**.

### MID'S MOTIONS IN LIMINE

**#1.    To Exclude Reference to Policy 205 (Doc. 52)**

MID moves to exclude reference to Policy 205 pursuant to Fed. R. Evid. 401-403. MID argues that Policy 405 is irrelevant, lacks foundation, would lead to confusion and is prejudicial.

Policy 205 is entitled "Reductions in Force" and addresses layoffs and rights to bump into lower classification based upon seniority. Policy 205 was located in an MID policy binder maintained by Ms. LaCava's supervisor. Ms. LaCava testified that her supervisor directed her to read Policy 205 three

months prior to her termination.  MID argues that Policy 205 was not an approved policy at the time of the February 2010 reorganization and is therefore irrelevant to the issues involved in this litigation.

**Ruling**: Based on the expected and represented testimony, this is an issue for the trier of fact to determine whether or not the content-relevant Policy 205 was in effect (formally voted in as policy, or simply being implemented) at the pertinent time.  **Accordingly, this motion is DENIED**.

### #2.   To Exclude Investigation into Complaints of Sexual Harassment (Doc. 53)

MID moves to exclude any reference to the investigation into the alleged sexual harassment of Ms. LaCava on the grounds that it is irrelevant, would waste time, and lead to confusion.  MID argues that the only cause of action remaining is for retaliation.  Since there is no cause of action for sexual harassment or discrimination, evidence relating to the investigation report prepared by Trudy Largent is irrelevant and would only confuse the issues and waste the jury's time.

**Ruling:** Since a claim for retaliation is, by its nature, parasitic (i.e. retaliation for something) and Ms. LaCava is claiming that she was retaliated against because of her claim of sexual harassment, the complaint is relevant.  That said, presentation of the details of the complaint will be limited in nature pursuant to Fed. R. Evid. 403, since they are not needed to show the relevant facts (that the complaint was made, an investigation was conducted,  the report was issued on a specific date, and alleged illegal action was taken).  **Accordingly, this motion is GRANTED in part and DENIED in part.**

### #3.   To Exclude Reference to Complaints of Sexual Harassment (Doc. 54)

MID moves to exclude Ms. LaCava from testifying to the complaints she made regarding the alleged sexual harassment on the grounds that it lacks temporal proximity to the alleged retaliatory acts, would be prejudicial and highly inflammatory.

**Ruling:** Since a claim for retaliation is, by its nature, parasitic (i.e. retaliation for something) and Ms. LaCava is claiming that she was retaliated against because of her claim of sexual harassment, Ms. LaCava's testimony about her alleged sexual harassment is relevant.  That said, details of the alleged harassment will be limited in nature pursuant to Fed. R. Evid. 403, since they are not needed to show the relevant facts (that the complaint was made, an investigation was conducted, and the report was

issued on a specific date).  **Accordingly, this motion is GRANTED in part and DENIED in part.**

**#4.    To Exclude Testimony that Ms. LaCava was "harassed," "discriminated," or "retaliated" against and the exclude the subjects of "harassment," "discrimination" and "retaliation" (Doc. 55)**

MID moves for an order to preclude Ms. LaCava and her witnesses from testified that Ms. LaCava was "retaliated" against or the subject of "retaliation"; that she was "harassed" or the subject of "harassment"; or that she was "retaliated" against or the subject of "retaliation." MID argues that such testimony constitutes inadmissible legal conclusions.

**Ruling: This motion is GRANTED** as to the use of these terms intended to express opinions. Ms. LaCava's testimony that she made claims of "harassment," "discrimination," and/or "retaliation," do not fit into the opinion category, however, and are not precluded.

**#5.    To Exclude Evidence Related to Claims Previously Adjudicated (Doc. 56)**

MID moves to preclude Ms. LaCava from introducing any evidence relating to claims previously adjudicated, including claims of gender discrimination.  MID anticipates that Ms. LaCava will seek to introduce evidence of a previously-adjudicated gender discrimination claim as "background facts" to support her retaliation claim.

**Ruling:** The fact that unequal pay complaints were made by Ms. LaCava is not precluded.  The specifics of those claims, however, are precluded. **Accordingly, this motion is GRANTED in part and DENIED in part.**

**#6.    To Preclude Ms. LaCava from Offering Evidence of Alleged Adverse Actions Not Identified in Complaint (Doc. 57)**

MID moves to preclude Ms. LaCava from introducing any evidence relating to any alleged adverse actions not identified in the complaint pursuant to Fed. R. Civ. P. 7-8, the operative complaint, and all pleadings and discovery.

**Ruling: This motion is GRANTED**.  A passing, by-the-way mention during discovery of an allegation not mentioned in the complaint is not sufficient notice.  Ms. LaCava is precluded from introducing any evidence related to adverse actions not specified in the operative pleading.

///

#### #7. To Preclude Plaintiff from Offering Evidence Not Disclosed Or Produced Pursuant to Fed. R. Civ. P. 26 (Doc. 58)

MID moves to preclude Ms. LaCava from introducing any documents that were not produced pursuant to Fed. R. Civ. P. 26. The parties have a dispute as to whether certain documents were produced.

**Ruling: This motion is GRANTED.** This Court has no intention of having discovery matters delay an in-progress jury trial. Counsel shall not offer any document not exchanged pursuant to Fed. R. Civ. P. 26.

#### #8. To Exclude Witnesses Not Involved in the Decision-making Related to the Alleged Adverse Employment Actions (Doc. 59)

MID moved to exclude any witness involved in the decision-making process related to the alleged adverse employment actions against Ms. LaCava pursuant to Fed. R. Evid. 401-403 and 701-702. Ms. LaCava has identified 37 witnesses she intends to call for trial. MID argues that 25 of these witnesses are irrelevant and their testimony would be redundant, unnecessary, and a waste of the jury's time. MID argues that some of these people, at most, could testify about the alleged discrimination, but not about the retaliation. Since only the retaliation claims is left in this action, MID moves to exclude these witnesses.

**Ruling**: This motion, based on the filed general opposition, has an unfounded assumption that all of the 25 witnessss should be (but cannot be) called on the issue of retaliatory intent. That said, Ms. LaCava is cautioned that should it become obvious that witnesses are being called on matters beyond the issues in the case, or that the content has become a Fed. R. Evid. 403 matter (repetition, undue time consumption), witnesses may well be precluded. **Accordingly, this motion is DENIED without prejudice.**

IT IS SO ORDERED.

**Dated:   June 27, 2012**                          /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE