IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MERCED IRRIGATION DISTRICT, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. F CV 10-0853 LJO DLB<br><br>**ORDER FOR ADDITIONAL BRIEFING<br>ON JURISDICTIONAL ISSUE** |

### INTRODUCTION

Plaintiff Cindy LaCava ("Ms. LaCava") and Defendant Merced Irrigation District ("MID") are scheduled to commence a jury trial in one week, on July 31, 2012. Pursuant to this Court's April 2, 2012 pretrial order, MID filed a trial brief (Doc. 78) on July 20, 2012. In the trial brief, MID argues that Ms. LaCava failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") as to her remaining claim of retaliation. Although MID inexplicably failed to raise this issue in a Fed. R. Civ. P. 12(b)(1) motion, or its Fed. R. Civ. P. 56 motion, and the deadline for raising dispositive motions has long passed, this Court must address this issue because it calls into doubt this Court's jurisdiction.

### STANDARD OF REVIEW

As a court of limited jurisdiction, this Court must consider whether jurisdiction exists pursuant to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern*

*Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  The defense of lack of subject matter jurisdiction can be raised at any time and is not waivable. *Rosenfeld v. United States*, 859 F.2d 717 (9th Cir. 1988). Lack of subject matter jurisdiction should be raised in a motion to dismiss; however, failure to do so it not fatal to the claim. *Jones v. Brush*, 143 F.2d 733 (9th Cir. 1944). This Court may treat this as raised as a motion pursuant to Fed. R. Civ. P. 12(b)(1) or a "suggestion" under Fed. R. Civ. P. 12(h)(3) that this Court lacks jurisdiction. *Mayes v. Gordon*, 536 F. Supp. 2 (E.D. Tenn. 1980).

## BACKGROUND FACTS

MID argues that Ms. LaCava failed to exhaust her administrative remedies as to her sole remaining claim of retaliation. In this action, Ms. LaCava asserted claims for discrimination in violation of Title VII and California's Fair Employment and Housing Act ("FEHA"). In its March 16, 2012 summary judgment order, this court granted judgment in favor of MID on Ms. LaCava's federal discrimination claims. The only remaining cause of action is her FEHA claim of retaliation. Pursuant to California Government Code §12940, Ms. LaCava is required to be issued a right to sue letter from DFEH prior to bringing a suit for retaliation.

According to MID's trial brief, Ms. LaCava filed her complaint with the DFEH on September 10, 2009. The only allegation set forth in that complaint was related to gender discrimination based on unequal pay. Ms. LaCava also requested that the DFEH file her complaint with the Equal Employment Opportunity Commission ("EEOC") and issue an immediate right to sue letter. The DFEH issued an immediate right to sue letter to Ms. LaCava on October 12, 2009.

The alleged retaliatory events upon which her retaliation claim is based occurred *after* the DFEH issued the right to sue letter to Ms. LaCava. Specifically, the issuance of the Management Deficiency Incident Report occurred on January 25, 2010 and her termination occurred on February 2, 2010. Ms. LaCava never amended her DFEH complaint to include these acts or a claim of retaliation.

Ms. LaCava requested that the EEOC amend her EEOC complaint to include a claim of retaliation on April 19, 2010. That request did not include a request to amend her DFEH complaint. The EEOC issued a right to sue notice to Ms. LaCava on September 30, 2010.

## DISCUSSION

Although the DFEH and the EEOC have a work share agreement, this agreement does not excuse the jurisdictional requirement that each must issue its own right to sue letter to allow a plaintiff to move forward on the federal or state law claim. *See Downs v. Dep't of Water and Power of City of Los Angeles*, 58 Cal. App. 4th 1093, 1097-98 (1997) (explaining that pursuant to the work share agreement, the statute of limitations for a DFEH complaint is tolled while the EEOC is pursuing its process). As explained in *Martin v. Lockeed Missles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994), a case with similar procedural facts:

> [A]n EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies *only* for purposes of an action based on title VII. Inasmuch as Martin elected to base her action not on title VII, but on the Fair Employment Housing Act, the EEOC right-to-sue notice technically did not satisfy the jurisdictional requirement that Martin have exhausted her administrative remedies as to the asserted violations of the California statute. (emphasis in original).

In *Martin*, the court rejected the plaintiff's position that she "was required to do no more (to exhaust her administrative remedies under the state statute) than to file a written statement of her additional theories of violation with the EEOC." *Id*. at 1728. The court explained that if the plaintiff "wished to avail herself of state judicial remedies for her additional claims, it was essential that she undertake by reasonable means to make the additional claims known to the DFEH." *Id*. at 1729-30.

Pursuant to this authority, Ms. LaCava's amendment with the EEOC was insufficient for her to exhaust her administrative remedies to pursue her FEHA retaliation claim–the only claim left in this action. The Court is currently aware of no evidence that Ms. LaCava undertook reasonable means to make her retaliation claim known to the DFEH. In addition, the Court finds no evidence that the DFEH issued a right to sue letter to Ms. LaCava that incorporated her retaliation claims. Finally, this Court has no evidence before it that her retaliation claim could "reasonably be expected to grow out of her charge of discrimination" alleged in her DFEH complaint. *See Baker v. Children's Hosp. Med. Ctr*., 209 Cal. App. 3d 1057, 1064 (1989). For these reasons, this Court finds that jurisdiction is lacking on Ms. LaCava's FEHA retaliation claim.

As Ms. LaCava is the person seeking to assert jurisdiction in this Court, she bears the burden to persuade this Court that it has jurisdiction to proceed to jury trial next Tuesday, July 31, 2012. This

1  Court cannot allow the jury to go forward when its jurisdiction is in doubt.  Accordingly, Ms. LaCava
2  is ordered to respond to this order to establish that this Court has subject matter jurisdiction over her
3  FEHA claim of retaliation.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court ORDERS Ms. LaCava to show cause why this Court should not dismiss the remaining claim and close this action for lack of subject matter jurisdiction.  Because a July 31, 2012 is scheduled, this Court must order an expedited briefing schedule on this issue. Accordingly, Ms. LaCava shall file and serve her response no later than **Thursday, July 26, 2012 at noon**.  No reply from MID is required unless requested by the Court once it has an opportunity to read and review Ms. LaCava's response.

IT IS SO ORDERED.

**Dated:   July 24, 2012**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

4