IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA,<br><br>            Plaintiff,<br><br>      vs.<br><br>MERCED IRRIGATION DISTRICT, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. F CV 10-0853 LJO DLB<br><br>**ORDER FOR RESPONSE TO MOTION<br>TO AMEND COMPLAINT** |

      Plaintiff Cindy LaCava ("Ms. LaCava") and defendant Merced Irrigation District ("MID") are scheduled to commence a jury trial in three court days, on July 31, 2012.  Pursuant to this Court's April 2, 2012 pretrial order, MID filed a trial brief (Doc. 78) on July 20, 2012.  In the trial brief, MID argueed that Ms. LaCava failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") as to her remaining claim of retaliation.  Although MID inexplicably failed to raise this issue in a Fed. R. Civ. P. 12(b) (1) motion, or its Fed. R. Civ. P. 56 motion, and the deadline for raising dispositive motions has long passed, this Court was required to address this issue, because it calls into doubt this Court's jurisdiction.

      In its Order for Additional Briefing, dated July 24, 2012, this Court ordered Ms. LaCava to MID's trial brief, and this Court's order, that Ms. LaCava had failed to exhaust her administrative remedies as to her remaining retaliation claim.  This Court concluded that it appeared that this Court lacked jurisdiction over this claim, because although Ms. LaCava had amended her complaint with the

Equal Employment Opportunity Commission ("EEOC") to include a claim of retaliation, she failed to do so with the DFEH. In addition, Ms. LaCava lacked a right to sue letter from the DFEH on her retaliation claim. Accordingly, this Court ordered Ms. LaCava to respond to its conclusion that Ms. LaCava lacked jurisdiction to pursue a Fair Employment and Housing Act ("FEHA") claim against MID pursuant to California Government Code §12940. *See Downs v. Dep't of Water and Power of City of Los Angeles*, 58 Cal. App. 4th 1093, 1097-98 (1997); *Martin v. Lockeed Missles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994); *Baker v. Children's Hosp. Med. Ctr.*, 209 Cal. App. 3d 1057, 1064 (1989).

In her response to this Court's Order for Additional Briefing, Ms. LaCava sets forth several reasons for why she believes that this Court may proceed with the jury trial. Ms. LaCava argues that MID's judicial admissions precludes it from raising the failure to exhaust issue. In support of this argument, Ms. LaCava points out that MID admitted in its answer to Ms. LaCava's complaint that Ms. LaCava had exhausted her judicial remedies. Additionally, MID stipulated in the joint pretrial statement that Ms. LaCava had exhausted judicial remedies. In addition, Ms. LaCava argues that although exhaustion is a jurisdictional requirement, the failure to exhaust does not affect this Court's subject matter jurisdiction over this California law claim. Finally, Ms. LaCava points out that once it has on notice that MID had this issue, she contacted DFEH and received a right to sue letter regarding her retaliation claim on July 23, 2012. In the alternative, Ms. LaCava moves to amend her claim to state a VII claim of retaliation against MID.

This Court finds Ms. LaCava's arguments based on jurisdiction and judicial admissions to be unavailing. The parties cannot stipulate to jurisdiction where jurisdiction is lacking. MID cannot admit that Ms. LaCava exhausted her administrative remedies if she had not.

Nevertheless, this Court is persuaded by Ms. LaCava's motion to amend her complaint. Allowing Ms. LaCava to amend her complaint to include a VII claim for retaliation will not impose significant prejudice on MID where the elements of the FEHA and VII claims are nearly identical, and MID will not be exposed to expanded damages under Title VII. Moreover, although amendment at this late date is undesirable, this Court notes that the circumstances requiring amendment were only raised by MID one week prior to the date on which the trial was scheduled to commence. MID should have raised this issue in the early stages of this litigation through a Fed. R. Civ. P. 12(b)(1) motion. MID

1 failed to do so, and failed again to raise it in a dispositive motion. MID chose to raise this issue in its
2 trial brief. Based on Ms. LaCava's efforts to cure the defect of her complaint, the undisputed exhaustion
3 of remedies with the EEOC, and the fact that the FEHA and Title VII claims are substantially similar,
4 this Court is persuaded that Ms. LaCava may amend her complaint.

5 Before granting the motion to amend, however, this Court shall give MID an opportunity to
6 respond. **No later than 9:30 a.m. on Friday, July 27, 2012, MID shall file and serve a response to
7 this order.** In MID's response, it should indicate whether it chooses to follow **one of the following**
8 paths: (1) MID may chose not to oppose Ms. LaCava's motion to amend. If MID chooses not to oppose
9 this motion, this Court shall grant Ms. LaCava's motion to amend and allow Ms. LaCava to move
10 forward on a Title VII retaliation claim. If MID choose this option, the jury trial shall remain on
11 calendar and shall commence on Tuesday, July 31, 2012 at 8:30 a.m. as scheduled. The parties will then
12 be required to submit an amended pretrial statement and amended proposed jury instructions no later
13 than Monday, July 30, 2012. **OR** (2) MID may choose to oppose Ms. LaCava's motion to amend. This
14 Court assumes that any such opposition shall be based on MID's perceived need to continue the trial date
15 to evaluate its evidence and position based on the Title VII claim. If MID opposes the motion to amend,
16 this Court shall (a) grant Ms. LaCava's motion to amend, but also (b) grant MID's motion to continue
17 the trial date. Ms. LaCava has already indicated through her counsel (Doc. 95) that she would not
18 oppose a motion to continue. If MID chooses this option, this Court shall vacate the July 31, 2012 trial
19 date, set a scheduling conference, and get a new trial date on calendar.

20 IT IS SO ORDERED.

21 **Dated:   July 26, 2012**                              /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE