IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA,<br><br>    Plaintiff,<br><br>  vs.<br><br>MERCED IRRIGATION DISTRICT, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. F CV 10-0853 LJO DLB<br><br>**ORDER TO GRANT MOTION TO AMEND, VACATE TRIAL AND SET SCHEDULING CONFERENCE** |

Plaintiff Cindy LaCava ("Ms. LaCava") and defendant Merced Irrigation District ("MID") are scheduled to commence a jury trial in two court days, on July 31, 2012. In its trial brief, MID for the first time argued that Ms. LaCava failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") as to her remaining claim of retaliation based on California's Fair Employment and Housing Act ("FEHA"). It was undisputed that Ms. LaCava had not received a right to sue letter from DFEH on her retaliation claim, but has received a right to sue letter on that claim from the Equal Employment Opportunity Commission ("EEOC"). MID argued that, if anything, Ms. LaCava had only exhausted her administrative remedies as to a Title VII claim. But because she only pursued a FEHA claim, MID argued that her claim must be dismissed. In its July 24, 2012 Order for Additional Briefing, this Court ordered Ms. LaCava to MID's trial brief, and this Court's order, that Ms. LaCava had failed to exhaust her administrative remedies as to her remaining retaliation claim. pursuant to California Government Code §12940. *See Downs v. Dep't of Water and Power of*

*City of Los Angeles*, 58 Cal. App. 4th 1093, 1097-98 (1997); *Martin v. Lockeed Missles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994); *Baker v. Children's Hosp. Med. Ctr.*, 209 Cal. App. 3d 1057, 1064 (1989).

Although the Court was not persuaded by Ms. LaCava's arguments based on jurisdiction and judicial admissions, the Court did find availing Ms. LaCava's motion to amend her complaint to pursue a Title VII claim. Before granting the motion to amend, however, this Court gave MID an opportunity to respond. The Court gave MID two options. The first option was to indicate that it does not oppose amendment. The second option was to indicate that it would seek a continuance if this Court granted the motion to amend. MID chose the second option.

On the basis of good cause this Court ORDERS as follows:

1. Ms. LaCava's motion to amend is GRANTED. Ms. LaCava may amend the pretrial order to indicate that she is pursuing a Title VII claim, rather than a FEHA claim, against MID.

2. MID's unopposed motion to continue the trial date is GRANTED.

3. This Court SETS a scheduling conference on Tuesday, July 31, 2012 at 8:30 a.m. in Courtroom 4 (LJO). The parties may appear telephonically by arranging a one-line call and dialing (599) 499-5680.

4. At the scheduling conference, the parties should be prepared to suggest and set firm dates for filing a revised joint pretrial statement, filing new pretrial documents (jury instructions, verdict forms, exhibits, proposed voir dire, trial briefs, etc.) and a new trial date. The Court shall also consider the parties arguments related to MID's suggestion that it wants the opportunity to file a dispositive motion and whether the parties anticipate further motions in limine.

5. The parties shall call chambers to arrange to retrieve any original exhibits or depositions that have been deposited with the Court in anticipation of the now-vacated July 31, 2012 trial.IT IS SO ORDERED.

**Dated:   July 27, 2012**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2