IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LACAVA, | Case No. 1:10-cv-00853 LJO SAB |
| Plaintiff, | ORDER ON THE PARTIES' MOTIONS IN LIMINE |
| vs. | (Docs. 106 & 107) |
| MERCED IRRIGATION DISTRICT, | |
| Defendant. | |
| _____/ | |

On January 4, 2013, the parties filed motions in limine in accordance with the Court's pretrial order filed August 1, 2012. The motions in limine raise two issues.

*First*, the parties indicate that they resubmit their motions in limine that were filed on June 15, 2012. However, the parties also indicate that they accept the Court's previous rulings on those issues, which were rendered in an order filed June 27, 2012. Therefore, the Court need not take any further action with respect to those matters.

*Second*, Defendant Merced Irrigation District ("Defendant") filed an additional 25 motions in limine, which seek to preclude 25 of Plaintiff Cindy LaCava's ("Plaintiff's") anticipated witnesses at trial. Defendant's declaration filed in connection with its motions in limine reveals, however, that the parties failed to make any real, good faith, genuine effort to meet and confer on these issues prior to filing the motions in limine. On January 2, 2013, Defendant simply sent a letter to Plaintiff's counsel indicating that Defendant intended to move to preclude 25 of Plaintiff's anticipated witnesses from

testifying at trial. (See Doc. 107-1, Ex. A.) In response, Plaintiff's counsel simply stated that he did not anticipate finalizing his trial witness list before February 4, 2013, and that if Defendant had any specific concerns regarding Plaintiff's anticipated witnesses he would be happy to discuss them. (Id., Ex. B.) No further effort was made by either party to resolve the matter; instead, Defendant simply filed the now pending motions in limine the next day.

In its pretrial order, the Court forewarned the parties that the Court would strictly enforce the requirements of its pretrial order. One requirement stressed in the pretrial order was that the parties' counsel were to meet and confer on any anticipated motions in limine, were to distill any evidentiary issues, and were to file motions in limine only as to important matters. (Doc. 103 at 9.) It is apparent that the parties have not satisfactorily discharged this responsibility. This is unacceptable. The Court simply does not have the time or resources to wade through motions in limine that could (and should) be resolved between the parties with some *actual* discussion.

Accordingly, the Court STRIKES Defendant's motions in limine. By no later than January 11, 2013, the parties SHALL meet and confer on the issues raised by Defendant's new motions in limine. Defendant may then re-file any of its motions in limine by no later than January 14, 2013, *to the extent that the parties are unable to resolve an issue after engaging in a substantive, good faith effort to do so.* Oppositions to any of Defendant's renewed motions in limine shall be filed and served by no later than January 17, 2013.

Lastly, the Court notes that there are currently two criminal cases scheduled ahead of this case in the Court's trial calendar. Because the criminal trials have priority, the Court cannot guarantee that this case will be tried on February 12, 2013, as initially scheduled. Therefore, the parties are urged to reconsider consenting to Magistrate Judge jurisdiction.

IT IS SO ORDERED.

**Dated:   January 7, 2013**          /s/  Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE